# IN THE COURT OF APPEALS OF IOWA

No. 20-1015
Filed October 21, 2020

**IN THE INTEREST OF J.B.,**
**Minor Child,**

**M.B., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Webster County, Joseph L. Tofilon, District Associate Judge.

　　A mother appeals the termination of her parental rights. **AFFIRMED.**

　　Gregory H. Stoebe of Stoebe Law Office, Humboldt, for appellant mother.

　　Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

　　Sarah Livingston, Fort Dodge, attorney and guardian ad litem for minor child.

　　Considered by Mullins, P.J., May, J., and Vogel, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VOGEL, Senior Judge.**

A mother appeals the termination of her parental rights to her daughter, J.B., born in 2017. Because the mother's unresolved substance-abuse and mental-health issues prevent her from safely caring for her child, we affirm the juvenile court's decision.

The family came to the attention of the Iowa Department of Human Services (DHS) in January 2019, after the child's father assaulted the mother. When the police arrived at the residence, they found marijuana in the home. The mother tested positive for cocaine, methamphetamine, marijuana, and benzodiazepines. A safety plan was agreed to, and the child was placed with her maternal grandmother. In July 2019, DHS removed the child from the grandmother's home upon allegations that persons in the home were using illegal substances in front of the child and the grandmother allowed the mother access to the child without DHS permission. The child was eventually placed with a maternal cousin in a pre-adoptive home, where she remained throughout these proceedings. J.B. was adjudicated a child in need of assistance in August.

From January 2019 and going forward, the mother agreed to many inpatient and outpatient treatment programs to address her substance-abuse issues. These programs were largely unsuccessful, with the mother leaving the treatment centers after only a few days in each program and quickly resuming her use of illegal substances and alcohol. In January 2020, the State filed a petition to terminate the mother's parental rights. The scheduled termination hearing was continued, first at the mother's request for more time to progress in her reunification efforts

and later due to the COVID-19 pandemic.[1]  With no progress shown by the mother after the additional time, the case came on for hearing on July 22, 2020.  The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(e) and (h) (2020).  The mother appeals.[2]

We review termination proceedings de novo.  *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).  Our primary concern is the child's best interests.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).  "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."  *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

The mother asserts the elements for termination were not met under either statutory ground as the juvenile court so found.  We choose to address her assertions as they concern Iowa Code section 232.116(1)(h).[3]  The mother does not specify what proof was lacking in the elements of this paragraph.  Rather, she

---

[1] Our supreme court temporarily directed juvenile courts to continue hearings or conduct them remotely due to the pandemic.  *See* Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Child Welfare and Juvenile Justice Youth and Families* (Apr. 6, 2020), *available at* https://www.iowacourts.gov/collections/488/files/1079/embedDocument/.

[2] The father's parental rights were also terminated; he does not appeal.

[3] Under section 232.116(1)(h), the court may terminate parental rights if it finds all of the following:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

asserts she was not given specific directions as to what she must do during the extension of time to achieve reunification. She weaves into the argument that DHS did not use reasonable efforts in this time frame to effectuate reunification. *See* Iowa Code § 232.102(7) (requiring the State to "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"). In February 2019, DHS and the mother entered into a "Contract of Expectations" that set forth expectations for the mother's behavior, including "[f]ull participation [in] substance abuse treatment" and "participat[ion] in a mental health evaluation and follow through with all recommendations." The record contains every report by the service workers from that date going forward until the final report filed on July 15—just prior to the termination hearing—showing the same recommendations for the mother, to treat her substance-abuse and mental-health issues. By the mother's own testimony, she entered treatment programs during the extension of time but walked away from them, contrary to the stated recommendations, and then relapsed on illegal substances. Her complaint on appeal simply rings hollow because she failed to comply with the recommendations and many services offered throughout the duration of this case for her to achieve reunification.

For the same reasons, we agree with the juvenile court's denial of her request for yet another six months to work towards reunification. *See id.* § 232.104(2)(b) (providing the court may authorize a six-month extension of time if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period").

Although the mother does not make a specific best-interests-of-the-child argument, she does say that termination is unwarranted for that reason. *See id.* § 232.116(2) ("[T]he court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."). Because after eighteen months of offered services, there remains a safety risk for J.B. to be in the mother's care, we agree with the juvenile court that termination is in the child's best interests.

**AFFIRMED.**